IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| HOWARD F. CARROLL, #1067360 | § |
| | § |
| V. | § |
| | § |
| JOHN RUPERT, et al | § Civil action No. 6:15cv569 |

## Plaintiff's "Notice" Of Appeal

Now comes, Howard F. Carroll, plaintiff in the above-styled and referenced cause and files this "Notice of Appeal', pursuant to the Rules of Federal Civil Procedures. Plaintiff seek to appeal the "interluctory' judgement of the courts denial of appointment of counsel, and will show the court the following :

Though theres no absolute right to appointment of counsel in a § 1983, where there is the "exceptional circumstances", the court is encouraged to do so in pro se prison litigants cases. The court has determined that there are no extrodinary or exceptional circumstances in this case and that the case is not "unduly complicated" requiring appointment of counsel, Robbins v. Maggio, 750 F.2d 405 (5th cir. 1985), plaintiff avers the court is incorrect.

Plaintiff submitted with his request for appointment of counsel affidavits detailing his mental deficiency and incapability to affect even the basic fundamental law or civil concepts. This case involves very complicated and complexed medical issues that will require expert testimony, mental health issues that will rewquire expert testimony and issues involving interpertations and arguement of use of force policy, all these issues involve unduly complicated knowledge that plaintiff does not have, not and nor can he muster.

Plaintiff has been reliant complete on other offenders for the litigation of this case upto the current point. His reliance on these inmate prison writ writters is "absolute' plaintiff cannot even begin to comprehend the subtle nature of the knowledge required to affect this case, especially if the case goes to trial, as the defendants have not challenged the courts denial of the summary judgement, the case 'will' proceed to trial, plaintiff cannot depend on the inmate writ writers at trial. Plaintiff sufferes from serious mental health issues that create chemical imbalances that effect and disrupts his ability to think and function well, even with his medication, he would be incapable of handling a trial without counsel.

The court has ordered that plaintiff ap½pointment of counsel be denied, but subject the later appointment if determination is later necessary (Dkt.241-1). Plaintiff request that he be evaluated for determination to be made whether he is capable of affecting a trial without counsel.

1

WHEREFORE, plaintiff prays the court will grant his Notice of Appeal.

Executed this 7 day of May, 2018

/s/ Howard Carroll
Howard F. Carroll #1067360
Coffeild Unit
2661 FM 2054
TeneseeColony, TX, 75884